IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SCOTTSDALE INSURANCE COMPANY, a foreign
company,

        Plaintiff,

vs.

AMERICAN SAFETY INDEMNITY COMPANY, a
foreign company; and THE MITCHELL COMPANY,
INC., an Alabama corporation

        Defendants.

Case No. _____

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SCOTTSDALE INSURANCE COMPANY ("Scottsdale") hereby sues

defendants, AMERICAN SAFETY INDEMNITY COMPANY ("American Safety") and The

Mitchell Company, Inc. ("Mitchell"), and seeks a Declaratory Judgment pursuant to 28 U.S.C. §

2201 and Rule 57 of the Federal Rules of Civil Procedure for purposes of determining a question

of actual controversy between the parties.

### PARTIES

1.    At all times pertinent, Scottsdale was, and still is, a corporation organized and

existing under the laws of the State of Ohio, with its principal place of business in Scottsdale,

Arizona.

2.    At all times pertinent, American Safety was, and still is, a foreign corporation

doing business in Alabama.

3.    At all times pertinent times,  Mitchell was, and still is, a corporation organized

and existing under the laws of the State of Alabama, with its principal place of business in

Mobile, Alabama.

{B1194988} 1

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees and costs.

5.     Venue is proper in the United States District Court of the Southern District of Alabama pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted below occurred within this District.

## NATURE OF THE CLAIM

6.     This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 for the purposes of construing and interpreting the terms of an insurance policy and for a determination of the rights and obligations, if any, of the parties arising from the insurance policy issued by American Safety to Mitchell.

7.     An actual, immediate controversy exists among the parties regarding whether American Safety has a duty to defend and indemnify Mitchell under the policy with respect to lawsuits filed in the Circuit Court of Mobile County, Alabama and styled: *Diges E. Little, et al. v. The Mitchell Company, Inc., et al.* Case Number CV-2009-901153, Consolidated with CV-09-901118 and *Robert W. Henderson, et al. v. The Mitchell Company, Inc., et al.*, Case Number CV-2009-901381, Consolidated with CV-09-901118 (the "Underlying Lawsuits"). A copy of the Fifth Amended Complaint filed in the *Little* lawsuit is attached hereto as Exhibit "A" and incorporated by reference herein and a copy of the Fourth Amended Complaint filed in the *Henderson* lawsuit is attached hereto as Exhibit "B" and incorporated by reference herein.

## INSURANCE COVERAGE

{B1194988}2

8.      Scottsdale issued Policy Nos. CLS0931490 (November 1, 2003 - September 15, 2004); CLS1073942 (September 15, 2004-2005); CLS1140044 (September 15, 2005-2006); CLS1268607 (September 15, 2006-2007) and CLS1404086 (September 15, 2007-2008) for the noted periods.

9.      Scottsdale is presently defending Mitchell against the *Little* and *Henderson* lawsuits.

10.     American Standard issued Policy No. ESL020546-08-01 to Mitchell for the period September 15, 2008-2009.

11. American Safety denied coverage to Mitchell for the *Little* and *Henderson* lawsuits in letters dated August 10, 2009 and February 15, 2010, which are attached hereto as Exhibits "C" and "D", respectively.

12.     Coverage A - Bodily Injury and Property Damage Liability ("Coverage A") of the American Safety policy provides, in pertinent part, as follows:

### SECTION 1 – COVERAGES
### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.      Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. . . .

b.      This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

{B1194988}3

(2)     The "bodily injury" or "property damage" occurs during the policy
period.

*(See* Exhibit D).

13.     The American Safety policy defines "occurrence" as:

an accident, including continuous or repeated exposure to
substantially the same general harmful conditions that
happen during the term of this insurance.

It is also agreed that the following shall be added to Section
I – Coverage A and B under section 1.b.:

'Property damage' or 'bodily injury' or 'personal and
advertising injury' which commenced prior to the effective
date of this insurance will be deemed to have happened
prior to, and not during the term of this insurance.

We will have no duty to defend or indemnify the insured
against any 'suit' against an insured or any additional
insured if such 'suit' does not allege an 'occurrence' as
defined and meet the timing conditions as to both
'occurrence' and 'property damage' or 'bodily injury' or
'personal and advertising injury' of this policy.

*(See* Exhibit D).

14.     The American Safety policy includes the Prior Occurrence and Pre-Existing

Damage Exclusion which provides:

It is agreed that this insurance does not apply to:

1. Any 'occurrence', or incident, claim or 'suit' whether
known or unknown to any officer of the Named Insured:

a. which first occurred prior to the inception date of
this policy or the retroactive date of this policy, if
any; or

b. which is, or alleged to be, occurring or in the
process of occurring as of the inception date of this
policy or the retroactive date of this policy, if any,

{B1194988}4

> even if the 'occurrence' continues during this policy period.
>
> 2. Any damages arising out of or relating to 'bodily injury', 'property damage' or 'personal and advertising injury' which are known to any insured, or which first manifest, prior to the inception date of this policy or the retroactive date of this policy, if any, even if further damages continue during this policy period.
>
> 3. Any 'suit', civil or legal proceeding or claim including a right to repair notice or similar statutory demand, which is in the process of settlement, adjustment, or initially filed or presented, prior to the inception date of this policy, or the retroactive date of this policy, if any.
>
> We shall have no duty to defend any insured or Additional Insured and this insurance shall not apply to any 'occurrence', damages, 'suit or claim or other proceeding to which this Endorsement applies.

(*See* Exhibit D).

## GENERAL ALLEGATIONS

15.     The *Little* and *Henderson* lawsuits relate to claimed damages and injury resulting from allegedly defective drywall installed in homes constructed by Mitchell. In part, plaintiffs in the underlying lawsuits seek recovery for mental anguish. Plaintiffs in the underlying lawsuits allege that they "could not reasonably have discovered the existence of the defect in the Chinese drywall material until December 2008 when initial press reports were issued, and in fact did not have actual notice of the said defect, and actual notice of the presence of defective Chinese drywall materials in their home, until May 2009." (*See* Exhibit A, Paragraph 28 and Exhibit B, Paragraph 28).

## COUNT I - DECLARATORY JUDGMENT

16.     Scottsdale adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

17.     An actual, present and existing controversy exists among the parties to this lawsuit regarding whether the American Safety policy provides coverage, for defense or indemnity, to Mitchell for the underlying plaintiffs' claims.

18.     The American Safety policy is applicable to bodily injury taking place during the September 15, 2008-2009 policy period. Plaintiffs in the underlying lawsuit allege that they first learned of the Chinese drywall in their homes in May 2009 during the American Safety policy period. Thus, their resulting bodily injury in the form of the mental anguish from the knowledge of the presence of the Chinese drywall took place during the American Safety policy period and is not otherwise excluded from coverage under the American Safety policy.

19.     In addition to the foregoing provisions, Scottsdale pleads all other conditions, terms, warranties, limits, definitions and exclusions of the American Safety policy, which also may be found to be applicable.

20.     Scottsdale reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

WHEREFORE, Scottsdale prays that this Honorable Court enter a judgment declaring that:

(a)     American Safety is obligated to defend Mitchell against the claims and alleged damages that are the subject of the *Little* and *Henderson* lawsuits;

(b)     American Safety has a duty to indemnify Mitchell against the claims and alleged damages that are the subject of the *Little* and *Henderson* lawsuits; and

(c)     award any other relief this Court deems just and proper, including but not limited to reimbursement of defense fees and costs incurred on behalf of Mitchell in the *Little* and *Henderson* lawsuits and an award of fees and costs in this action.

Dated this  *Aug, 13* , 2010.

*s/M. WARREN BUTLER*
M. WARREN BUTLER
BUTLM3190
Attorney for Scottsdale Insurance Company
Starnes Davis Florie
RSA Battle House Tower, Suite 20290
P. O. Box 1548
Mobile, AL   36633-1548
Phone: (251) 405-5065
E-mail: wbutler@starneslaw.com

Defendants will be served via Certified Mail as follows:

American Safety Indemnity Company
11440 West Bernardo Court, Suite 120
San Diego, CA   92127

The Mitchell Company
41 West Interstate 65 Service Road North
Mobile, AL   36608